IN RE APPEAL OF HENSLEY

[98 N.C. App. 408 (1990)]

IN THE MATTER OF: THE APPEAL OF ARNOLD HENSLEY FROM THE ORDER OF: THE CRAMERTON BOARD OF ADJUSTMENT DATED SEPTEMBER 1, 1988

No. 8927SC1022

(Filed 1 May 1990)

Municipal Corporations § 30.19 (NCI3d) — mobile home park — trailer moved — attempt to replace nonconforming use — town required to issue permit

Where petitioner leased a tract of land which contained seven mobile homes, one of the homes was moved by its owners, and petitioner attempted to place another mobile home on the property in the area vacated, defendant board of adjustment was bound to issue a permit for the nonconforming use, since petitioner attempted to replace the nonconforming use within 180 days, as allowed by the town's zoning ordinance.

Am Jur 2d, Zoning and Planning §§ 208, 213, 220; Mobile Homes, Trailer Parks, and Tourist Camps §§ 13, 14.

APPEAL by petitioner Arnold Hensley from Griffin (Kenneth A.), Judge. Judgment entered 30 June 1989 in Superior Court, GASTON County. Heard in the Court of Appeals 4 April 1990.

The record establishes the following facts: Petitioner leased a tract of land that contained upon it seven mobile homes. This property subsequently became subject to the Town of Lowell Zoning Ordinance. Petitioner's use of the property was a non-conforming use under the Zoning Ordinance, but the Lowell Town Council permitted petitioner to retain seven mobile homes on the property with an eighth space being used for picnic and recreation. In April 1988, petitioner's property became subject to the Town of Cramerton extraterritorial zoning jurisdiction, and mobile homes were not permitted in the designated zone containing petitioner's property. In June 1988, one of the mobile homes on petitioner's property was moved by its tenants, leaving only six mobile homes on petitioner's land. Petitioner attempted to place another mobile home on the property in the area vacated; however, the Town of Cramerton refused to grant the permit stating that the non-conforming use had been converted to a conforming use and could not be used subsequently for a non-conforming purpose. Petitioner appealed the ruling, and a hearing was held before the Cramerton Board of Adjustment on 1 September 1988. The Board of Adjust-

ment found that the Town of Cramerton does not have a mobile home park classification and that the complete removal of one mobile home converts that portion of the property to a conforming use.

Judge Griffin concluded that "the decision of the Cramerton Board of Adjustment was supported by competent material and substantial evidence in the record and that the decision of the Board was not arbitrary and capricious." From a judgment affirming the decision of the Cramerton Board of Adjustment, petitioner appealed.

*Whitesides, Robinson, Blue & Wilson, by Terry A. Kenny, for petitioner, appellant.*

*Charles D. Gray, III, for respondent, appellee.*

HEDRICK, Chief Judge.

Cramerton Zoning Ordinance, Article VII, Section 70.2 provides:

When a non-conforming use has been changed to a conforming use it shall not thereafter be used for any non-conforming use.

Article VII, Section 70.4 further provides:

A non-conforming use may not be re-established after discontinuance for a period of one hundred and eighty (180) days.

While Judge Griffin did not find as a fact that petitioner attempted to replace the non-conforming use within 180 days, the record clearly establishes that petitioner sought a permit in July 1988, and the cause came on for hearing before the Cramerton Board of Adjustment on 1 September 1988.

The Town of Cramerton is bound by its own ordinances, and since the record establishes that petitioner sought to replace the mobile home within 180 days, the town was bound to issue the permit. The Superior Court erred in affirming the decision of the Cramerton Board of Adjustment, and the judgment dated 30 June 1989 must be vacated, and the cause will be remanded to the Superior Court for further remand to the Cramerton Board of Adjustment with instructions that it issue the permit.

Vacated and remanded.

Judges PARKER and COZORT concur.